MURDOCK, Judge,
concurring in part and dissenting in part as to case number 2021136.
Under Ex parte Presse, 554 So.2d 406 (Ala.1989), so long as a presumptive father persists in the presumption of paternity, that presumption is conclusive. Based on the record before us, this does not appear to be a case to which Ex parte Presse is applicable. I therefore concur with the conclusion reached by the main opinion that the judgment of the circuit court in ease number 2021136 should be reversed and the cause remanded for further proceedings.
I cannot, however, agree fully with the instructions to the circuit court given by this court in case number 2021136. I disagree with those instructions in two respects.
First, the main opinion instructs the circuit court to appoint an administrator ad litem for the estate of the presumptive father. Estates and administrators of estates, however, by their nature and definition, are concerned with a decedent’s assets and related pecuniary matters.[4] The issue addressed by the Alabama Uniform Parentage Act, § 26-17-1 et seq., Ala. Code 1975, however, is first and foremost something other than a pecuniary issue. It is an issue of who will parent a child; it is an issue of who will love, nurture, and raise a child to adulthood. Unlike the issues of assets and debts with which estates are concerned, this is an issue of a personal nature to which neither an estate nor an administrator of an estate can speak for the purposes contemplated by §§ 26-17-5 and 26-17-6, Ala.Code 1975, and Ex parte Presse.
The main opinion cites § 26-17-11, Ala. Code 1975, for the proposition that “each man presumed to be the father under § 26-17-5 ... shall be made [a] part[y]” to a paternity action under § 26-17-6. C.R. is deceased, however; he is no longer a “man” that can be made a party to this *342 action. Section 26-17-11 says nothing about making an estate a party to a paternity action under § 26-17-6. As to the highly personal issue of who will raise the child from this point forward, C.R.’s estate, an intangible legal entity, clearly is not the same as C.R., the “man.” While a deceased man’s estate may have financial interests that correspond with the interests he had while he was alive, the estate cannot parent a child and does not have a present personal interest in the love and nurture of the child as do interested family members, such as the mother and the child, himself or herself. Accordingly, I do not think that an estate or the administrator of an estate is the proper party to take and advocate a position on the issue of the deceased presumptive father’s persistence in the presumption of paternity for purposes of Chapter 17 of Title 26, Code of Alabama 1975.[5]
Secondly, unlike the main opinion, which presumes that the trial court will appoint a guardian ad litem for the child and advises the trial court to make the child a party to the action, I believe we must require the trial court to do those things on remand. The rule of Ex parte Presse, though typically referred to as a rule of standing, is a substantive rule of law. It expresses “ ‘the presumption that the husband of the mother of a child born during marriage is the father of that child — ... often said to be one of the strongest presumptions known to the law.’ ” Ex parte Presse, 554 So.2d at 413 (quoting Note, R. McG. & C.W. v. J.W. & W.W.: The Putative Father’s Right to Standing to Rebut the Marital Presumption of Paternity, 76 N.W.U.L.Rev. 669 (1981)). In P.G. v. G.H., 857 So.2d 823 (Ala.Civ.App.2002), we addressed an alleged biological father’s ev-identiary argument that he had rebutted the presumption of the presumptive father’s paternity, noting that our Supreme Court in Ex parte Presse had quoted the following portion of Michael H. v. Gerald D., 191 Cal.App.3d 995, 236 Cal.Rptr. 810 (1987), with approval:
“ ‘ “[The biological father] asserts that requirements of procedural due process prevent the State from terminating his liberty interest in his relationship with his child without affording him an opportunity to demonstrate his paternity in an evidentiary hearing. We believe this claim derives from a fundamental misconception of the nature of the California statute. While § 621 is phrased in terms of a presumption, that rule of evidence is the implementation of a substantive rule of law. California declares it to be, except in limited circumstances, irrelevant for paternity purposes whether a child conceived during and born into an existing marriage was begotten by someone other than the husband and had a prior relationship with him. As the Court of Appeal phrased it:
“ ““ “The conclusive presumption is actually a substantive rule of law based upon a determination by the Legislature as a matter of overriding social policy, that given a certain relationship between the husband and wife, the husband is to be held responsible for the child, and that the integrity of the family unit should not be impugned.” ’ [Michael H. v. Gerald D.,] 191 Cal. App.3d 995,] 1005, 236 Cal.Rptr. [810,] 816 [(1987)], quoting Vincent *343 B. v. Joan R., 126 Cal.App.3d [619], at 623, 179 Cal.Rptr. [9], at 10 [1981].
“ ‘ “Of course the conclusive presumption not only expresses the State’s substantive policy but also furthers it, excluding inquiries into the child’s paternity that would be destructive of family integrity and privacy.” ’ ”
P.G., 857 So.2d at 829 (quoting Ex parte Presse, 554 So.2d at 415, quoting in turn Michael H. v. Gerald D., 491 U.S. 110, 119-20, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989)).
In his appeal to this court, the alleged biological father seeks an evidentiary hearing on the issue of the presumptive father’s persistence in the presumption of paternity. The issue of the presumptive father’s persistence in the presumption of paternity is one that properly may be raised as an affirmative defense by another real party in interest, such as the mother or the child. Moreover, although this particular case does not appear to be one in which the child will attempt to prove that the presumptive father persisted in the presumption of paternity, that will not always be the case. Indeed, it would be easy to conceive of a case in which a presumptive father and the mother maintained for many years a normal family relationship with a child born during the marriage, but, upon the presumptive father’s death, the mother sides with a biological father in a paternity action. (In other cases, the mother might have predeceased the presumptive father, abandoned the child, or for some other reason not be a party to the action.) In such a case, it could be vital for the child to have the right to appear through a guardian ad litem to explain to the court, and to submit evidence to the effect, that his or her presumptive father persisted in the presumption of paternity. If the child could not do so, no one would do so in such a case, and the presentation of evidence would become a decidedly nonadversarial, unilateral affair. Therefore, in paternity actions brought under Chapter 17 of Title 26, where the presumptive father has died before or during the litigation, I find it critical that the child be made a party and be represented by a guardian ad litem. I would instruct the trial court accordingly in the present case.

. See, e.g., Ala.Code 1975, §§ 43-2-250 through -256; see generally Ala.Code 1975, § 43-8-1(8) (defining an estate as ”[i]n-clud[ing] the property of the decedent whose affairs are subject to this chapter as originally constituted and as it exists from time to time during administration”), § 43-2-310, § 43-2-833(a) (a personal representative is charged with settling and distributing the estate of the decedent and, in doing so, acts as a fiduciary to the successors of the estate), and § 43-2-843. See also 31 Am.Jur.2d Executors and Administrators § 1 (2002) (explaining that the administration of estates involves collecting a decedent's assets, paying debts, and distributing the balance); and 31 Am.Jur.2d Executors and Administrators § 2 (2002) ("Administration of a decedent’s estate is purely statutory and is in rem, not in personam, in that it conclusively determines the interests of all persons in the property of a decedent within the jurisdiction of the court.” (Emphasis added; footnotes omitted.)). The cases I have reviewed that address the survival of the paternity issue beyond the death of an alleged father are themselves concerned with the issue of the proper disposition of the assets that comprise the deceased alleged father’s estate. See, e.g., Ex parte L.F.B., 599 So.2d 1179 (Ala.1992).

. As a result, it is all the more important that the child be made a party to this action and have the opportunity, through a guardian ad litem, to speak on his or her own behalf as to the issue of the persistence vel non of his or her presumptive father in the presumption of paternity. See discussion, infra.